**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARY ELIZABETH MAZYCK,

        Plaintiff,

v.                                            Case No. 3:14-cv-939-J-34JRK

WILLIAM A. WILKES; RONNIE FUSSEL;
OCWEN LOAN SERVICING, LLC; KASS
SHULER, P.A.; ASHLEY L. SIMON; JOHN
ZAJEC; JENNIFER M. SCOTT; and
MICHAEL BURK,

        Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte upon review of Plaintiff's Notice of Removal to USDC for Cause (Doc. 1; Notice) and Complaint (Doc. 2; Complaint). Plaintiff, who is proceeding pro se, filed the Notice and Complaint on August 8, 2014. In the Complaint, Plaintiff names William A. Wilkes; Ronnie Fussell; Ocwen Loan Servicing, LLC; Kass Shuler, P.A.; Ashley L. Simon; John Zajec; Jennifer M. Scott; and Michael Burk as defendants. See Complaint at 1. Upon review of the Notice and the attached exhibits (Docs. 1-2, 1-3),[1] the Court finds that although it appears that Plaintiff is a defendant in a state court foreclosure action, she has not properly removed this action. Under 28 U.S.C. § 1441(a), a defendant may seek removal of a suit originally brought in state court when the federal

---

[1] Docs. 1-2 and 1-3 are copies of the state court docket in Case Number 16-2013-CA-010461-XXXX-MA, in which the plaintiff is Ocwen Loan Servicing, LLC, and the defendant is Mary Mazyck.

court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). Additionally, 28 U.S.C. § 1446 describes the appropriate removal procedure to invoke federal jurisdiction, and requires the defendant seeking removal to file a timely notice of removal stating the grounds for removal, along with a copy of all process, pleadings, and orders served upon the defendant in the state court action. See 28 U.S.C. § 1446(a). In the instant case, the Notice simply states that the state court foreclosure action "is removed to the US DISTRICT COURT for cause," see Notice at 1, and Plaintiff has failed to include any copies of process, pleadings, or orders from the state court action. Therefore, to the extent Plaintiff seeks removal of the state court foreclosure action, she has not properly accomplished this removal.

Additionally, in the Notice, Plaintiff states,

After searching the public records and official recordings at the Duval County Recorder's Office, I believe that Plaintiff[2] in and through its attorney(s) have committed a crime. I leave it to you to determine if a crime has been committed in fact as I am not an attorney.

Notice at 3. While the Court does have jurisdiction over an action in the nature of mandamus, pursuant to 28 U.S.C. § 1361, to compel an officer, employee, or agency of the United States to perform a duty owed to a plaintiff, Plaintiff, as a private citizen, does not have a judicially cognizable interest in the prosecution or non-prosecution of other private citizens. Otero v. United States Attorney General, 832 F.2d 141, 141 (11th Cir. 1987); Tyler v. United States Attorney, No. 8:07CV361, 2007 WL 3028420, at *1 (D. Neb. Oct. 16, 2007); Al-Hakim v. McDonough, No. 8:05-CV-2056-T-30EAJ, 2006 WL 4821441, at * 1 (M.D. Fla.

---

[2] Because Ocwen Loan Servicing, LLC, is the plaintiff in the state court action, it appears that Plaintiff is referencing that party as the "Plaintiff" here.

Nov. 29, 2006). Thus, to the extent Plaintiff requests the Court to order the investigation or prosecution of Defendants or their attorneys, the Court finds that Plaintiff's request is due to be denied.

Further, upon review, the Court notes that Plaintiff has also filed a Complaint. With respect to the Complaint, the Court notes that Plaintiff may initiate a civil action by filing either a notice of removal, removing a complaint filed against her in state court, or filing an initial complaint setting forth her own claims. But, Plaintiff cannot file both in the same action. Morever, even if properly filed, the Complaint is due to be stricken for failure to comply with Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)). While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[3] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential

---

[3] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).  Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).  "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).  Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

Here, the first page of the Complaint includes a heading labeled "Claims," but below this heading, Plaintiff simply lists three exhibits, which are included at the end of the Complaint and appear to be copies of various UCC financing statements and quotations from "case law" regarding "Credit Loans and Void Contracts." See Complaint at 1, 14-35.  None

of these "exhibits" constitute a "short and plain statement" of Plaintiff's claims.  Moreover, "[t]he nature of [Plaintiff's] legal claims against the named defendants and the factual basis for such claims [are] incomprehensible: far short of the 'short and plain' statement requirement of Rule 8."  See Holbrook, 405 F. App'x at 460; see generally Complaint. Plaintiff's Complaint contains a list of "statements of fact or violations" which appear to allege violations with regard to Plaintiff's foreclosure.  See Complaint at 3. The remainder of the Complaint includes text relating to various federal statutes, "House Joint Resolution 192," and "definitions to know when examining a bank contract," among other topics.  See generally id.  The nature of Plaintiff's Complaint makes it impossible for the Court to determine what Plaintiff is claiming.  Accordingly, the Court will strike the Complaint for failure to comply with Rules 8(a)(2) and 10(b).  To the extent Plaintiff wishes to file an original complaint (rather than remove the state court action), pursuant to Rules 8(a)(2) and 10(b), the complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Plaintiff's claims demonstrating that Plaintiff is entitled to relief.  See Rules 8(a)(2), 10(b).  Specifically, Plaintiff should describe in sufficient detail the factual basis for each of her claims and how each Defendant is responsible.

As it is unclear whether Plaintiff intended to remove a state civil action to this Court or to initiate a new action in this Court, the Court will strike the Notice and the Complaint without prejudice to Plaintiff filing either a notice of removal and removing a complaint filed against her in state court, or an initial complaint setting forth her own claims.

Accordingly, it is **ORDERED**:


1. The Notice of Removal (Doc. 1) is **STRICKEN**.

2. To the extent that Plaintiff requests the Court to order the investigation or prosecution of Defendants or their attorneys, this request is **DENIED**.

3. The Complaint (Doc. 2) is **STRICKEN**.

4. Plaintiff shall have up to and including **September 30, 2014**, to file a proper Notice of Removal or an initial complaint. Plaintiff is cautioned that failure to comply with this Order may result in the dismissal of her case for failure to prosecute.

**DONE AND ORDERED** in Jacksonville, Florida on this 25th day of August, 2014.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:
Pro se parties
Counsel of Record