**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARY ELIZABETH MAZYCK,

    Plaintiff,

v.                                                  Case No. 3:14-cv-939-J-34JRK

WILLIAM A. WILKES, et al.,

    Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte upon review of Plaintiff's Initial Complaint (Doc. 11; Initial Complaint). On August 8, 2014, Plaintiff, who is proceeding pro se, filed a Notice of Removal to USDC for Cause (Doc. 1; Notice) and Complaint (Doc. 2; Complaint). Upon review of the Notice and Complaint, the Court determined that "although it appears that Plaintiff is a defendant in a state court foreclosure action, she has not properly removed this action." Order at 1 (Doc. 7; Order).[1] Further, the Court found that the Complaint failed to comply with Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)), such that "[t]he nature of Plaintiff's Complaint makes it impossible for the Court to determine what Plaintiff is claiming." Id. at 3-5. Accordingly, the Court entered an Order on August 25, 2014, striking both the Notice and the Complaint. Id. at 6. In the August 25, 2014 Order, the Court instructed Plaintiff that "pursuant to Rules 8(a)(2) and 10(b), the complaint shall set

---

[1] Additionally, the Court noted that although Plaintiff may initiate a civil action by filing a notice of removal, removing a complaint filed against her in state court, or by filing an initial complaint setting forth her own claims, she cannot file both in the same action. Order at 3.

forth separate causes of action in numbered counts against specific defendants and contain 'a short and plain statement' of Plaintiff's claims demonstrating that Plaintiff is entitled to relief." Id. at 5. On September 23, 2014, Plaintiff filed the Initial Complaint. Upon review of the Initial Complaint, the Court finds that this document fails to comply with the August 25, 2014 Order in that it fails to identify the basis of the Court's jurisdiction, Plaintiff's legal causes of action, or her claim for relief. See FED. R. CIV. P. 8(a).

While pro se complaints are to be held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant must still be required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

Rule 10(b) provides, in pertinent part:

> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .

FED. R. CIV. P. 10(b). See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

As written, Plaintiff's Initial Complaint fails to articulate her claims "with sufficient clarity to allow [Defendants] to frame a response pleading." Lampkin-Asam v. Volusia County Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008). Moreover, the Court cannot discern whether it has jurisdiction over this action. Thus, the Initial Complaint is due to be stricken. Of course, Plaintiff will be permitted to file an Amended Complaint consistent with this Order.

The Amended Complaint must include all of Plaintiff's claims in this action. It must be self-contained and it may not refer back to Plaintiff's original filings. Plaintiff is reminded that federal courts are courts of limited jurisdiction and her amended complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." FED. R. CIV. P. 8(a)(1). Plaintiff must set forth with specificity the nature of her causes of action and how each defendant is involved in the alleged wrongdoing. Plaintiff is further advised that Rule 8(a)(2) requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 10(b) states that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Finally, Rule 8(a)(3) requires a complaint include "a demand for the relief sought."

Plaintiff is cautioned that failure to file an Amended Complaint consistent with the Court's directives may result in dismissal of this action.

Upon due consideration, it is hereby

**ORDERED**:

1. Plaintiff's Initial Complaint (Doc. 11) is **STRICKEN**.

2. Plaintiff shall file an Amended Complaint consistent with the directives of this Order and the Federal Rules of Civil Procedure on or before **October 30, 2014**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida on this 29th day of September, 2014.

MARCIA MORALES HOWARD
United States District Judge

lc18

Copies to:
Pro se parties
Counsel of Record