**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARY ELIZABETH MAZYCK,

Plaintiff,

vs. Case No. 3:14-cv-939-J-34JRK

WILLIAM A. WILKES, et al.,

Defendants.
_______________________________________/

## REPORT AND RECOMMENDATION[1]

## I. Status

This cause is before the Court on three motions to dismiss that were referred to the undersigned by the Honorable Marcia Morales Howard, United States District Judge, for a Report and Recommendation regarding an appropriate resolution. See Order of Referral (Doc. No. 23), signed March 31, 2015 and entered April 1, 2015. The motions are titled as follows:

1. Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss (Doc. No.14; "Ocwen Motion"), filed October 29, 2014[2];

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

[2] The Ocwen Motion contains unnumbered pages. Citations to it are to the pagination assigned by the Court's electronic filing system.

2. Defendants, Kass Shuler P.A., Ashley L. Simon, and Jennifer M. Scott's, Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Order and Accompanying Memorandum of Law (Doc. No. 15; "Kass Shuler Motion"), filed October 29, 2014; and

3. Defendant, Honorable William Wilkes' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 16; "Wilkes' Motion"), filed November 24, 2014.

In opposition to the motions to dismiss, Plaintiff on February 9, 2015 filed an "Affidavit . . . [i]n response to the Ocwen Motion, Kass Motion and Wilkes Motion" (Doc. No. 20; "Response") (emphasis omitted).

Through the motions, Defendants Ocwen Loan Servicing, Kass Shuler P.A., Ashley L. Simon, Jennifer M. Scott, and the Honorable William Wilkes seek dismissal of Plaintiff's "Amended Complaint Pursuant to Order" (Doc. No. 13; "Amended Complaint") (some capitalization omitted). Upon consideration of the motions, the file, and the applicable law, the undersigned recommends that the motions be granted to the extent that this case should be dismissed without prejudice for failure to state a claim and lack of subject-matter jurisdiction.

## II. Procedural History

### A. History Prior to Amended Complaint

On August 8, 2014, Plaintiff, proceeding pro se, filed two documents to initiate this case: a Notice of Removal (Doc. No. 1) and a Complaint (Doc. No. 2). On that same date, summonses were issued by the Clerk of Court for the Defendants named in the Complaint: "Michael Burk"; "Ronnie Fussell"; "Ocwen Loan Servicing, LLC"; "Jennifer M. Scott"; "Kass

Shuler, P.A."; "Ashley L. Simon"; "William A. Wilkes"; "John Zajec"; and "Duval County Foreclosure Judge" (Doc. No. 3).

On August 12, 2014, the undersigned entered an Order advising Plaintiff of some of the rules of the Court and responsibilities of a pro se litigant (Doc. No. 5). This Order is entered routinely in pro se cases to assist the pro se litigant in prosecuting or defending his or her case within the rules of the Court. Plaintiff responded on August 20, 2014 by filing an "Answer to Order" (Doc. No. 6) (emphasis and capitalization omitted), in which she acknowledged being bound by the rules.

On August 26, 2014, Judge Howard entered an Order (Doc. No. 7) striking the Notice of Removal and the Complaint. The Court noted that Plaintiff could "initiate a civil action in [this Court] by filing either a notice of removal, removing a complaint filed against her in state court, or filing an initial complaint setting forth her own claims," id. at 3, but it was unclear whether Plaintiff intended to remove a state civil action or initiate a new action in this Court. The Court observed that Plaintiff was apparently a defendant in a state court foreclosure action, but she had not properly removed the state court case to federal court. Id. at 2. As to the Complaint, the Court identified a number of deficiencies, including failure to comply with Rules 8 and 10, Federal Rules of Civil Procedure ("Rules"). Id. at 3-5. Plaintiff was ordered to file a proper notice of removal or an initial complaint no later than September 30, 2014. Id. at 6.

On September 23, 2014, Plaintiff filed what she called her "Initial Complaint" (Doc. No. 11) (emphasis and some capitalization omitted). Thereafter, on September 29, 2014, Judge Howard entered an Order (Doc. No. 12) striking the Initial Complaint and finding that the

Initial Complaint "fail[ed] to comply with the August 25, 2014 Order in that it fail[ed] to identify the basis of the Court's jurisdiction, Plaintiff's legal causes of action, or her claim for relief." Id. at 2 (citation omitted). The Court also observed that Plaintiff's Initial Complaint was not drafted with "sufficient clarity" so that Defendants could adequately respond. Id. at 3 (internal quotation and citation omitted). Plaintiff was given an opportunity to file an Amended Complaint to cure the shortcomings of the Initial Complaint. Id. The Court specifically advised Plaintiff that she had to include all of her claims in the Amended Complaint: "It must be self-contained and it may not refer back to Plaintiff's original filings." Id. The Court instructed Plaintiff that she was required to "set forth with specificity the nature of her causes of action and how each Defendant was involved in wrongdoing." Id. Finally, Plaintiff was warned that "failure to file an Amended Complaint consistent with the Court's directives may result in dismissal of this action." Id.

**B. Amended Complaint**

Plaintiff filed the Amended Complaint on October 15, 2014. In the Amended Complaint, Plaintiff sues the following Defendants: "William A[.] Wilkes, Duval County Foreclosure Judge"; "Ronnie Fussel[,] Duval County Clerk of Courts"; "Ocwen Loan Servicing LLC"; "Kass Shuler P.A."; "Ashley L. Simon"; "John Zajec"; "Jennifer M. Scott"; and "Michael Burk[.]" Id. at 1 (some capitalization omitted).[3] In the initial paragraph, Plaintiff cites various civil and criminal federal statutes, the Florida Constitution, and the Florida Rules of Civil

---

[3] The Amended Complaint contains unnumbered pages. Citations to it are to the pagination assigned by the Court's electronic filing system.

Procedure, and she states that she is "standing in [her] unlimited commercial liability as a Secured Party Creditor[.]" Id.

Plaintiff alleges in summary fashion that the Court has jurisdiction over this case based upon diversity of citizenship and federal question. Id. at 2. She also alleges the Court has supplemental jurisdiction over state law claims. Id. Plaintiff sets out few specific facts in support of her jurisdictional statements, and Plaintiff does not specifically set out the citizenship of each named Defendant. Id. at 2-5.

In terms of factual allegations, Plaintiff alleges that Defendants "William A[.] Wilkes, Duval County Foreclosure Judge[,] and Ronnie Fussell, Clerk of Duval County Circuit Court," Plaintiff alleges that these Defendants "violated. . . 28 U[.]S[.]C[.] § 453 to uphold their oaths of office pursuant to the Florida State and United States Constitution[s] by failing to dismiss judgment against Defendant" in a state court action. Id. at 3 (some capitalization omitted). The undersigned assumes Plaintiff is referring to the state foreclosure action in which she was the defendant.

As to Defendant Ocwen Loan Servicing LLC, Plaintiff cites 15 U.S.C. § 1692, a provision of the Fair Debt Collection Practices Act, and Fla. Stat. § 817.034 which is titled, "Florida Communications Fraud Act." Id. at 4. It is unclear exactly what act or acts of debt collection practices and fraud Plaintiff is alleging were committed by Defendant Ocwen Loan Servicing LLC. See id. at 4. Plaintiff alleges that Defendant Ocwen Loan Servicing LLC conspired to deprive her of rights under color of law, citing three criminal statutes: 18 U.S.C. §§ 241, 242, 1001. Id. at 7. She states that Defendant Ocwen Loan Servicing LLC brought a claim against her in state court but lacks standing to do so "as it was not a party to the

mortgage contract attached to the [state] Complaint." Id. According to Plaintiff, "[t]here is no document attached to the Complaint that evidences" the state court Plaintiff's "relationship to the original lender." Id.

As to Defendants Kass Shuler P.A., Ashley L. Simon, John Zajec, Jennifer M. Scott, and Michael Burk, Plaintiff alleges they "are not the real parties in interest to bring a suit in action against Plaintiff who is also the Defendant in Duval County Circuit Court case #16-2013-CA-010461-XXXX-MA." Id. at 5. Again, it appears Plaintiff is referring to a state foreclosure action in which she was a defendant. Evidently Kass Shuler P.A. is a law firm and the above-referenced individuals are lawyers. Plaintiff alleges that the "lawyers and attorneys are not licensed to practice law the nature of lawyer-craft in America as per the United States Supreme Court." Id. (some capitalization omitted).

In sum, although the Amended Complaint is very difficult to comprehend, it appears Plaintiff in this federal case has been a defendant in a state foreclosure action. At least one of the plaintiffs in the state foreclosure action is or was Ocwen Loan Servicing LLC. Apparently, the lawyer defendants and public officials have some connection to the case. It is also apparent from the tone of the Amended Complaint that Plaintiff is unhappy about how the state court case was handled and any rulings that were made in the case.

**C. Following the Amended Complaint**

After the filing of the Amended Complaint, the instant motions and the Response were filed. Additionally, on April 27, 2015, Judge Howard entered an Order (Doc. No. 24) dismissing without prejudice Defendants Ronnie Fussell, John Zajec, and Michael Burk for Plaintiff's failure to serve these Defendants and respond to Court Orders regarding service.

These Defendants having been dismissed, the only remaining Defendants are the parties to the instant motions: Ocwen Loan Servicing, LLC, Kass Shuler P.A., Ashley L. Simon, Jennifer M. Scott, and the Honorable William Wilkes.

**III. Argument of the Parties**

The Ocwen Motion and Kass Shuler Motion seek dismissal of the Amended Complaint on the same or similar grounds: (1) the Amended Complaint fails to state a claim upon which relief may be granted; (2) the Amended Complaint is an impermissible "shotgun" pleading; and (3) Plaintiff has failed to allege facts showing that the Court has subject-matter jurisdiction. See Ocwen Motion at 3-7; Kass Shuler Motion at 2-9. Defendant Ocwen describes the Amended Complaint as "a shotgun pleading that sets forth a rambling of irrelevant and incoherent allegations that fail to properly set forth a claim of action." Ocwen Motion at 7. The Kass Shuler Defendants claim that Plaintiff "violated this Court's Order (Doc[. No.] 12) by failing to include a 'short and plain statement of the grounds upon which the court's jurisdiction depends,' and by failing to 'set forth with specificity the nature of her causes of action and how each defendant is involved in the alleged wrongdoing.'" Kass Shuler Motion at 7 (citing Order (Doc. No. 12) at 3).

Defendant the Honorable William Wilkes seeks dismissal of the Amended Complaint on three grounds: (1) lack of subject-matter jurisdiction; (2) failure to state a claim; and (3) judicial immunity. Wilkes Motion at 2-3.

Plaintiff in the Response does not address any of the issues raised in Defendants' respective motions. See Response at 1-2. Instead, Plaintiff describes how she believes she "was wrongly put out of the home . . . at 60 years old" after she "fell on hard times," and then

she asks for “another chance to take possession of the property[.]” Id. at 1. She also attaches a list of what she labels, “LOST ITEMS[.]” Id. at 4-5.

The only Defendant specifically mentioned in the Response is Ocwen Loan Servicing LLC. Id. at 1. According to Plaintiff, she “tried to get a modification loan at several different times and all [were] denied. For several months now, . . . all of this could have been resolved if Ocwen Loan Servicing LLC[] would have agreed to let me pay extra money each month to catch up on my payments.” Id.

## IV. Discussion

The Amended Complaint should be dismissed in its entirety. First, the Amended Complaint fails comply with the Court’s previous Orders in that it fails to state a valid claim and fails to properly invoke the Court’s subject-matter jurisdiction. Plaintiff has been warned that failure to comply with the Orders and the Rules would subject this matter to dismissal. Second, even if Plaintiff had stated a cause of action and the Court had subject-matter jurisdiction, to the extent Plaintiff is suing Judge Wilkes, the suit would be barred by absolute judicial immunity. These reasons are discussed in turn.

Regarding failure to state a claim, “[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’” Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). “Labels and conclusions” or “a formulaic recitation of the elements of a cause of action” that amount to “naked assertions” will not do. Id. (quotation and citation omitted). Moreover, a complaint must “contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some

viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted). Further, Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Regarding subject-matter jurisdiction, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1).

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, a court does not have a duty to rewrite a plaintiff's complaint to find a claim. See Peterson v. Atl. Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

Here, despite the Court's instruction that Plaintiff "set forth with specificity the nature of her causes of action and how each defendant is involved in the alleged wrongdoing," Order (Doc. No. 12) at 3, Plaintiff's Amended Complaint wholly lacks this information. After scouring the Amended Complaint, the undersigned simply cannot find a valid cause of action based upon the limited facts that are alleged.[4] Further, although Plaintiff states in the

---

[4] Even if Plaintiff had set forth a valid cause of action, it appears (based upon the limited facts that are alleged and the defendants who are being sued) that Plaintiff's suit here would likely be barred by the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983). The Rooker-Feldman doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments, Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009), "no matter how erroneous or unconstitutional the state court judgment may be," Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002) (citation omitted). Indeed, "the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Brokaw, 305 F.3d at 664 (citation and quotation omitted); see also Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1262 (11th Cir. 2012) (citations omitted). If a claim is barred by the Rooker-Feldman doctrine, the federal district court in which it is brought lacks subject-matter jurisdiction. Alvarez, 679 F.3d at 1264 (concluding that "Rooker-Feldman barred the [district] court

(continued...)

Amended Complaint that she is invoking the Court's jurisdiction based upon the presence of a federal question (28 U.S.C. § 1331) and based upon diversity of citizenship (28 U.S.C. § 1332), because Plaintiff has failed to state a valid cause of action, the Court is not satisfied that it has subject-matter jurisdiction. See Order (Doc. No. 12) at 3 (observing that "the Court cannot discern whether it has jurisdiction over this action").[5]

Finally, Plaintiff has included Judge Wilkes in the list of Defendants named in the Amended Complaint, but Judge Wilkes is subject to dismissal because he is entitled to absolute judicial immunity from suit. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "'Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.'" Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). It appears based upon the limited factual allegations set forth in the Amended Complaint that Plaintiff is unhappy with one or more of Judge Wilkes' rulings, actions that were taken while Judge Wilkes was acting in his judicial capacity. Thus, even if Plaintiff had stated a valid cause of action (which she has not) and even if this Court had subject-matter jurisdiction (which it does not), Judge Wilkes would be subject to dismissal.

---

[4](...continued)
from exercising subject-matter jurisdiction over the claim").

A review of the state court docket for the case about which Plaintiff complains in this lawsuit and which Plaintiff initially attempted to "remove" to this Court, Duval Circuit Case No. 16-2013-CA-10461-XXXX-MA, shows that judgment was entered and the case was closed prior to the initiation of the case here. To the extent Plaintiff wants this Court to review the state court's actions or judgment, the Court may not do so.

[5] Nor has Plaintiff properly alleged the citizenship of Defendants for purposes of determining whether diversity jurisdiction exists.

## V. Conclusion

The Motions are due to be granted to the extent that the Amended Complaint should be dismissed without prejudice for failure to state a valid claim and because the Court is not satisfied that it has subject-matter jurisdiction. Alternatively, Judge Wilkes should be dismissed based upon judicial immunity.[6] Plaintiff has had three opportunities to state a valid claim and to properly invoke the Court's subject-matter jurisdiction (Doc. Nos. 2, 11, 13). Nevertheless, Plaintiff has failed to do so and further attempts would be futile. Accordingly, Plaintiff should not be permitted another chance to amend, and this case should be closed. In accordance with the foregoing, it is

**RECOMMENDED THAT**:

1. Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss (Doc. No. 14); Defendants, Kass Shuler P.A., Ashley L. Simon, and Jennifer M. Scott's, Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Order and Accompanying Memorandum of Law (Doc. No. 15); and Defendant, Honorable William Wilkes' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 16) be **GRANTED** to the extent that this matter should be dismissed without prejudice for failure to state a valid claim and lack of subject-matter jurisdiction.

---

[6] Judge Wilkes seeks dismissal with prejudice based upon judicial immunity. See Wilkes Motion at 3. Because the Court does not have subject-matter jurisdiction over this matter, it would not seem appropriate to dismiss any defendant with prejudice. Judge Wilkes also invokes the Eleventh Amendment. See id. at 2. Based upon the findings made in this Report and Recommendation, however, it is not necessary to address this argument. Nor is it necessary to address the contentions in the Ocwen Motion and the Kass Shuler Motion that the Amended Complaint is an impermissible "shotgun" pleading. See Kass Shuler Motion at 5-5; Ocwen Motion at 4-6.

2. The Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 22, 2015.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record
Pro Se party